```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    Criminal No. 2017-37
                                 )
                                 )
ROY E. HODGE, III; WAYNE A.      )
FAHIE,                           )
                                 )
          Defendants.            )
                                 )
                                 )
```

**ATTORNEYS:**

**Jocelyn Hewlett, Acting United States Attorney**
**Delia L. Smith, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the United States of America,*

**Omodare Jupiter, FPD**
**Brendan A. Hurson, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
    *For Roy E. Hodge, III,*

**Juan F. Matos-de Juan**
Hato Rey, PR
    *For Wayne A. Fahie.*

## ORDER

**GÓMEZ, J.**

    Before the Court are the applications of Roy E. Hodge, III, ("Hodge") and Wayne A. Fahie ("Fahie") to waive their speedy

trials. For the reasons stated herein, the time to try this case is extended up to and including March 5, 2018.

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice for several reasons. First, an extension is necessary to allow Hodge and Fahie time to review discovery and investigate the charges against them. Second, without an extension, each of the parties would be denied reasonable time necessary to explore plea options and prepare for trial. Third, the territory of the United States Virgin Islands continues to suffer hardships resulting from the passage of Hurricanes Irma and Maria. Fourth, Hodge and Fahie made their requests with the advice and consent of counsel.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Johnson*, 42 Fed. App'x

959, 964 (9th Cir. 2002) (holding that delay resulting from one defense attorney's scheduling conflict was properly excluded from both defendants' speedy trial counts); *United States v. Bermea*, 30 F.3d 1539, 1567 (5th Cir. 1994) (collecting cases and holding that "the excludable delay of one codefendant may be attributed to *all* defendants"); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (holding there was no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and required additional time for adequate preparation.").

The premises considered; it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through March 5, 2018, shall be excluded in computing the time within which the trials for Roy E. Hodge, III, and Wayne A. Fahie must be initiated pursuant to 18 U.S.C. § 3161.

S\
    **Curtis V. Gómez**
    **District Judge**